E-FILED
Monday, 02 April 2018 04:18:53 PM
Clerk, U.S. District Court, ILCD



UNITED STATES DISTRICT COURT

CENTRAL DISTRIC OF ILLINOIS

PEORIA DIVISION

---

CHARLES MOJAPELO,                )
                                 )
    Plaintiff,                   )
                                 )
    vs                           )
                                 )
NATIONAL PASSENGER RAILROAD CORPORATION, t/d/b/a AMTRAK
                                 )
    Defendant,                   )
                                 )
                                 )

18-1135

---

Plaintiff individually complains and alleges as follows:

### PARTIES

1. Plaintiff Charles Mojapelo is a resident of the McLean County, residing in Bloomington, IL 61704.
2. Mr. Mojapelo brings this action individually in his capacity as a plaintiff having suffered multiple injuries as a result of the negligent conduct of the Defendant as more fully set forth hereinafter.
3. Defendant, National Railroad Passenger Corporation t/d/b/a Amtrak ("Amtrak") is a federally chartered corporation, 100% of the preferred stock of which is owned by the United States government. Amtrak was incorporated under an Act of Congress pursuant to 45 U.S.C. 501 *et seq.*
4. At all times material to the events set forth hereafter, Amtrak, was manned and operated by the employees who acted in the course and scope of their employment as such.

**JURISDICTION AND VENUE**

5. This civil action involves a federal question over which this Court has original jurisdiction pursuant to 28 U.S.C. $ 13331 AND 28 U.S.C. $ 1349. The federal courts have original jurisdiction in actions involving Amtrak because such actions arise under federal law and, therefore, federal question jurisdiction. 49 U.S.C. $24301 *et seg.*
6. Venue is proper in this district because the incident took place in Normal, McLean County, IL which falls under the jurisdiction of this court.

**FACTS**

7. On April, 2014, the Plaintiff was getting off the train at Bloomington-Normal Station, Illinois.
8. As he tried to step out of the train, he slipped and fell.
9. His right leg was trapped and pinned down in a gap between the stationary train and the platform when he was helped to get out from the train.
10. The plaintiff briefly sat on the platform with the blood oozing from his leg.
11. The plaintiff was taken, by ambulance, to the emergency room at Advocate-Bromean Hospital, Bloomington, IL for evaluation and treatment.
12. At the above-mentioned hospital, an x-ray was taken to determine the extent and the nature of the injury.
13. The results of the x-ray was inconclusive as the leg was still covered in blood.
14. The patient was then referred to orthopedic specialist at Orthopedic Center, 2406 E. Empire St., Bloomington, IL, 61704, where the x-ray which was taken at Advocate Bromean Hospital was further evaluated.
15. There was significant amount of blood and swelling on the right leg.
16. The x-ray showed significant soft tissue injury, and opacity to the mid aspect of the foreleg which represented either a foreign body that got into the leg as a result of the fall or a bone chip or fracture in the right leg.
17. Plaintiff's leg was put in a plaster. Plaintiff was also given crutches, to help him support the injured leg, as well as pain medication.
18. Plaintiff continued with treatment with orthopedic specialists at Orthopedic Center, 2406 E. Empire Street, Bloomington, IL, several months after the said incident.
19. As a result of the said injury, Plaintiff may have to live with a foreign object in his leg for the rest of his life unless it comes out on its out as stated by the orthopedic specialist at the above-mentioned treatment location.
20. Plaintiff will also have to live with scars, as a result of such incident, on his right leg for the rest of his life.
21. The Plaintiff also suffered back and neck pains as a result of the fall.
22. Amtrak crew was negligent in not making an announcement for the passengers to be careful on the steps.
23. The Amtrak staff also negligent in failing to make sure that there was a support stool on the exit door to stop passengers from falling.

24. Despite the fact that the Amtrak crew is required to ensure the safety of passengers as they exit the train, the Amtrak staff was negligent in failing to make sure that the Plaintiff exited the train safely.

## FIRST CLAIM FOR RELIEF

**Gross and Wanton Negligence**

25. Plaintiff incorporates all preceding paragraphs as though set forth herein.
26. A common carrier like Amtrak, owes its passengers a duty of care. Amtrak must use the utmost care and diligence for the safe exit of its passengers.
27. A common carrier of the size of Amtrak, who has been operating for more than forty years, should have learned over the years of the harms posed to the deboarding passengers and instituted preventive measures to prevent such harms.
28. The illustrative case that clearly demonstrates disregard of the safety of his passengers is Kiilsgaard v Amtrak.
29. As a direct and proximate cause of Amtrak's gross and wanton negligence, as described herein, the Plaintiff suffered physical injuries resulting in economic and non-economic damages.

## SECOND CLAIM FOR RELIEF

**Pain and Suffering**

30. Plaintiff incorporates all preceding paragraphs as though set forth herein.
31. As a direct and proximate cause of Amtrak's gross and wanton negligence, as described herein, the Plaintiff suffered pain and suffering resulting in economic and non-economic damages. Plaintiff asks for the imposition of punitive damages.

## THIRD CLAIM FOR RELIEF

**Loss Wages**

32. Plaintiff incorporates all preceding paragraphs as though set forth herein.
33. As a direct and proximate cause of Amtrak's gross and wanton negligence, as described herein, the Plaintiff suffered pain and suffering resulting in economic and non-economic damages.

## FOURTH CLAIM FOR RELIEF

**Long term/Lifelong Foreign Object Lodged in the Plaintiff's Right Leg**

34. Plaintiff incorporates all preceding paragraphs as though set forth herein.

35. As a direct and proximate cause of Amtrak's gross and wanton negligence, as described herein, the Plaintiff will have a foreign object lodged in his right leg for the rest of his life, lest it comes out on its own, resulting in economic and non-economic damages.

### FIFTH CLAIM FOR RELIEF

**Lifelong Scars**

34  Plaintiff incorporates all preceding paragraphs as though set forth herein.
35  As a direct and proximate cause of Amtrak's gross and wanton negligence, as described herein, the Plaintiff will suffer scars on his right leg for the rest of his life resulting in economic and non-economic damages. Plaintiff asks for the imposition of punitive damages.

### SIXTH CLAIM FOR RELIEF

**Emotional Distress**

36. Plaintiff incorporates all preceding paragraphs as though set forth herein.
37. As a direct and proximate cause of Amtrak's gross and wanton negligence, as described herein, the Plaintiff suffered emotional distress resulting in economic and non-economic damages.

### SEVENTH CLAIM FOR RELIEF

**Loss of child care**

38. Plaintiff incorporates all preceding paragraphs as though set forth herein.
39. The Plaintiff takes his daughter to activities for speech therapy several times a week.
40. As a direct and proximate cause of Amtrak's gross and wanton negligence, as described herein, the Plaintiff suffered loss of child care resulting in economic and non-economic damages.

### EIGTH CLAIM FOR RELIEF

**Medical Expenses**

41. Plaintiff incorporates all preceding paragraphs as though set forth herein.
42. As a direct and proximate cause of Amtrak's gross and wanton negligence, as described herein, the Plaintiff suffered medical expenses when he was seen by different doctors at different locations resulting in economic and damages.

### NINTH CLAIM FOR RELIEF

**Punitive Damages**

43. Plaintiff incorporates all preceding paragraphs as though set forth herein.
44. As a direct and proximate cause of Amtrak's gross and wanton negligence, as described herein, the Plaintiff suffered medical expenses when he was seen by different doctors at different locations resulting in economic and damages.

45. Despite filling in the Forms sent to him by Amtrak staff and leaving them with the staff at Orthopedic Center, 2406 East Empire, Bloomington, IL 61704 so they could be faxed to Amtrak Claims Department for payment, Amtrak has not paid any of the Plaintiff's medical bills.
46. Failure by Amtrak to pay Plaintiff medical bills resulted in the bills being sent for collections and constant calls from different collection agencies. Plaintiff seek relief in the form of punitive damages for failure to take responsibility of their negligent actions and at least pay plaintiff's medical bills

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against defendant on all causes of action, and each of them, as follows:

1. economic damages as proved at time of trial;
2. non-economic damages as may be approved at time of trial;
3. punitive damages/exemplary as proved at time of trial;
4. costs of suit as permitted by law
5. for such relief as may be appropriate

**JURY DEMAND**

Plaintiff, hereby, requests and demands a trial by jury.


Dated: March 29, 2018.


Respectfully Submitted

_____

Charles Mojapelo

Plaintiff



CHARLES MOSARRO
2282 ROUNDUP AVENUE
APT 2
BLOOMINGTON, IL 61704

U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
OFFICE OF THE CLERK
ROOM 309
FEDERAL BUILDING
100 N.E. MONROE
PEORIA, ILLINOIS 61602